**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stacey D. Adams, U.S.M.J. |
| | : | |
| v. | : | Mag. No. 26-15052 |
| | : | |
| | : | |
| ALEXANDER HEIFLER | : | |

**CONSENT PROTECTIVE ORDER**

Upon the application of the United States of America, and upon consent of the

defendant Alexander Heifler (the "defendant"), the Court finds and orders as follows:

1.      **Disclosure Material.** The Government anticipates disclosing to the

defendant documents, objects, and information as preliminary discovery in this

matter, which is being provided for purposes of plea negotiations only pursuant to

Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410

("Disclosure Material"),[1] which may include, but is not limited to, copies of

recordings made by witnesses, interviews, reports, photographs, writings, or other

materials related to the underlying investigation of this case. This Disclosure

Material is being provided solely to assist counsel in reviewing evidence in

preparation for final disposition of this matter, without prejudice to the Government

to modify and/or present additional evidence at trial.

2.      The Disclosure Material includes material that may contain sensitive

---

[1] Should there be any classified Disclosure Material, those materials will be the subject of a separate order.

information that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing national-security-related prosecutions and investigations of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Thus, the entry of a protective order is necessary and appropriate to protect: the safety and security of individuals, personally identifying information of others, and the integrity of the Government's ongoing investigations and prosecutions.

3.    The parties agree that the Disclosure Material includes certain "Sensitive Information," which includes, among other types of information, national security information as well as any actual or cover name, identifier, or online account name used by Federal Bureau of Investigation ("FBI") personnel such as any FBI Confidential Human Source ("CHS"), Undercover Employee ("UCE"), or Online Covert Employee ("OCE"), and any other descriptors, photographs, or video/audio recordings that could lead to the identity of a CHS, UCE, or OCE.

4.    **Facilitation of Discovery.** Entry of this Order permits the Government to expeditiously produce the Disclosure Material without further litigation.

5.    **Timing and Scope of Disclosures.** Nothing in this Order changes in any way the timing or scope of the Government's discovery disclosure obligations, and those disclosures remain governed by Federal Rule of Criminal Procedure 16,

2

18 U.S.C. § 3500, and other statutory and constitutional authorities. Any Disclosure Material that the Government may choose to provide to the defendant pre-indictment will be disclosed without imposing upon the Government any additional discovery obligations other than those stated in the Federal Rules of Criminal Procedure.

6.    **Good Cause**. There is good cause for entry of this Protective Order.

IT IS on this ____ day of _____, 2026, ORDERED that:

7.   Except as provided below, the Disclosure Material shall not be further disseminated[2] by the defendant or his counsel to any individuals, organizations or other entities, other than: (i) members of the defendant's defense team (defined to include co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense for the defendant, including to determine if a plea of guilty is appropriate.

8.   No Disclosure Material shall be disseminated to any member of the defendant's defense team, as defined above, expert witness retained by the defendant's defense team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for any

---

[2] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

reason from this case of counsel for the defendant, or anyone associated with the defendant's defense team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

9.  Defense counsel shall advise any person to whom the Disclosure Material is disclosed in accordance with this Order that further disclosure or dissemination is prohibited without defense counsel's express consent.

10. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

11. Disclosure Material designated "Sensitive Information" pursuant to Paragraph 14 below shall not be maintained by the defendant, nor be in the sole physical custody of the defendant, nor shall the defendant be permitted to make notes of the content of said materials and keep such notes with him or disseminate such notes or the contents thereof to anyone other than his attorney or members of his attorney's staff.

12. Defense counsel shall store all the Disclosure Material, and any copies thereof, in a secure place at all times.

13. The Disclosure Material in this case is now and will forever remain the property of the United States Government. At the conclusion of this case, all Disclosure Material shall be destroyed or maintained under secure conditions by

4

defense counsel. Upon written request of the Government, all Disclosure Material shall be returned to the Government.

14. As set forth above, certain national security information, as well as the actual or cover names, identifiers, online account names, and any other descriptors of FBI undercover personnel such as any CHS, UCE, or OCE, or photographs or video/audio recordings that could lead to the identity of a CHS, UCE, or OCE are considered "Sensitive Information." Such Sensitive Information should be designated and labelled as such by the Government but remains Sensitive Information regardless of such labelling. To designate and label such Sensitive Information, the Government shall use the following designation, on the material itself, in an accompanying cover letter, or on a label: "SENSITIVE INFORMATION." The failure to designate any materials as Sensitive Information as provided in this Order shall not constitute a waiver of a party's assertion that the materials are covered by this paragraph. In addition to the protections listed above applying to all Disclosure Material, further protections specifically apply to Sensitive Information, namely:

a. The parties will not publicly disclose any Sensitive Information, including national security information and the actual or cover name, identifier, or online account name of any CHS, UCE, or OCE or any other information that could lead to the identity of a CHS, UCE, or OCE, including photographs, video/audio recordings, in any pretrial filing or at any pretrial hearing in open court. The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to this paragraph of the Order.

b.      The parties will not disseminate any Sensitive Information, including national security information and information about a CHS, UCE, or OCE except to (a) members of the defendant's defense team; and (b) experts or outside investigators retained to assist in the preparation of the defense of the defendant. The procedures set forth above, in paragraphs 7 to 11, for obtaining authorization to share Disclosure Material with the defendant and non-defense team members, i.e., experts or outside investigators, apply as well to Sensitive Information. The recipient must sign the Acknowledgement (Appendix A) of his or her obligation to comply with the Order.

c.      No one other than defense counsel may maintain Sensitive Information.

d.      Sensitive Information will be used solely for the purpose of allowing the defendant's defense team to prepare the defendant's cases and for no other purpose.

e.      All recordings and/or documents in which a CHS and/or UCE and/or OCE can be seen, heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of any CHS, UCE, or OCE, may be copied or reproduced ONLY for use by members of a defendant's defense team, excluding the defendant as defined and set forth above, and non-defense team members authorized to be in receipt of such information, and may only be provided to further the investigation and preparation of this case.

f.      All Sensitive Information that consists of recordings and/or documents—including any copies or reproductions thereof—in which a CHS and/or UCE and/or OCE can be seen or heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of any CHS, UCE, or OCE must be maintained at the office of defense counsel, and removed from such offices only by members of the defendant's defense team, but excluding the defendant. No one other than defense counsel may maintain such recordings and/or documents, as described above. To the extent such materials exist and are discoverable, unpixilated/unmodulated versions of video/audio recordings containing the image or voice of a CHS and/or UCE and/or OCE will be maintained in a classified evidence area within an FBI space, or a similar appropriate space, and may be viewed by defense counsel in that space after coordinating with the FBI.

g.      The Government will delete the true name of any CHS, UCE, or OCE from Disclosure Materials. The Government may also delete the cover name and/or online account name of any CHS/UCE/OCE from Disclosure Materials if such deletion is necessary to protect the identity and security of the CHS/UCE/OCE.

15. Within 90 days of any final judgment in this case by the later of: i) the sentencing of the defendant, ii) the defendant's appeal, if any, or iii) dismissal of the charges with or without prejudice; or within 90 days of the termination of a particular defense counsel's representation, the defendant and defendant's counsel shall return to the Government all Disclosure Material (including any copies thereof), or shall destroy them and certify in writing to counsel for the Government that such materials

have been destroyed. Furthermore, defense counsel may maintain work product containing Sensitive Information subject to the protections of this Order for a period of 10 years following the entry of final judgment and must thereafter destroy any and all such work product.

16. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

17. Should any Disclosure Material be improperly disclosed by a member of any defendant's defense team or a non-defense team member authorized to be in receipt of the Sensitive Information, then that defendant's defense counsel shall use his or her best efforts to obtain the return of any such Disclosure Material and to bind the recipient of Disclosure Material to the terms of this Order and shall, within 10 business days of the discovery of such disclosure, inform the Court and the Government of the unauthorized disclosure and identify the circumstances thereof.

18. Nothing in this Order shall preclude the Government or the defendant from seeking a further protective order as to particular Disclosure Material. This Order is entered without prejudice to the parties' right to seek a revision of the Order by appropriate motion to the Court.

19. This Order shall survive the termination of this criminal case and shall continue in full force and effect thereafter.

20. Persons subject to this Consent Protective Order are advised that any

8

breach of this Order may result in the termination of their access to Disclosure Material and may subject them to contempt of Court.

21. This Order is binding on all future and successor counsel and applies to Disclosure Material disclosed to the defense prior to the date of the Order below.

**Retention of Jurisdiction**

22. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

_____
Honorable Stacey D. Adams
United States Magistrate Judge

Consented to as to form and entry:

_____
Camila Garces
Assistant United States Attorney

_____
Steve Gordon, Esq.
Counsel for Alexander Heifler

9

**Appendix A**

## <u>ACKNOWLEDGMENT</u>

The undersigned hereby acknowledges that he (she) has read the Protective Order entered in the United States District Court for the District of New Jersey in the case captioned *United States v. Alexander Heifler,* 26-mj-15052, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED: _____   BY:

                                                   _____
                                                   (type or print name)

                                                   SIGNED:

                                                   _____